[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION ON OBJECTION TO BILL OF COSTS
1. Investigation Costs: Must be documented with proof that each plaintiff has paid only a non-duplicated
share of the bill, to a maximum of $200 each. CT Page 8236
2. These are separate consolidated cases. Each plaintiff (husband and wife as a unit) are entitled to $75.00 Plus $50.00
3. Bills for original photographs, not enlargements, must be produced. Only photographs actually used at trial are allowed. Plaintiffs cannot seek duplicate payments for the same photograph used. One total payment for each photograph admitted at trial.
4. Medical records costs not allowed. For court and clerk's fees for copies of records see General Statutes § 52-259.
5. Expert fees for economists not allowed. Experts' fees limited to persons designated in General Statutes § 52-260 (f), (g).
6. Sheriff fees for service of subpoenas must be documented. See General Statutes § 257(b)(7) and § 52-261.
7. Trial exhibits: Reasonable Costs, to be documented, are allowable for original "maps, plans, mechanical drawings" actually submitted as exhibits at trial. Costs for enlargements of basic documents (photographs, maps, etc.) not allowed.
F. Paul Sullivan, J.
OBJECTION TO BILL OF COSTS
The Defendant, Wells Fargo Alarm Services, Inc., by and through its attorneys, Danaher, Tedford, Lagnese Neal, P.C., hereby objects to the following items from the plaintiffs' bill of costs dated June 27, 1996 (Lodge); July 1, 1996 (Morotto); and July 10, 1996 (Rivera and Hughes):
• The defendant objects to investigation costs listed by Lodge, Hughes and Morotto. Hughes should not be able to recover this amount because Morotto has already claimed that same amount. Likewise, Lodge should not be able to recover this amount because they have not listed the purpose of the investigation but merely the amount and the name of the CT Page 8237 investigator.
• The defendant objects to the $125.00 Superior Court fee listed in each of the four plaintiffs' bill of costs. Nowhere in the statute does it allow for this amount. Father, the statute allows for $50.00 for all proceedings before trial and $75.00 for a trial of an issue of fact. All four plaintiffs list separately those two fees and should not be able to recover this amount twice.
• The defendant objects to the costs listed for photographs by each of the four plaintiffs ($222.30 by Hughes; $354.78 by Rivera; and $483.16 by Lodge). Conn. Gen. Stat. § 52-257 (b)(5) provides for an reasonable sum" for photographs in the trial of an action. Plaintiffs should not only be limited to "reasonable" expenses for photographs but must also document those amounts.
• The defendant objects to the medical records costs listed by the plaintiff ($1,493.44 by Lodge; $80.84 by Rivera). The statute on point, Conn. Gen. Stat. § 52-257, provides for "court and clerk's fees for copies of records used in evidence." The plaintiff has not supplied documentation for this significant amount nor has it been stated that these were actual court or clerks fees incurred.
• The defendant objects to the expert witness fees of $700.00 for the economist, Dr. Crakes and $165.75 for the economist, Ward Curran. Conn. Gen. Stat. § 52-260 (f) provides for compensation for an expert "practitioner of the healing arts." There is no provision which provides for an expert witness fee to go to an expert economist. Accordingly, the plaintiffs should not be able to recover these amounts. Furthermore, even if plaintiffs were allowed to recover amounts for expert economists, the plaintiff Hughes never received any testimony by Mr. Curran as to his fee and thus, should not be allowed to recover any amount as costs for his testimony.
• The defendant next objects to the sheriff fees for service upon witnesses listed: $180.40 and $511.00 Hughes); $157.15 (Rivera); $174.00 (Lodge); and $266.40 (Morotto). Other than plaintiff Morotto, the other three plaintiffs have not documented the sheriff fees and therefore, the defendant Wells Fargo objects to this item of cost. CT Page 8238
• Finally, the defendant objects to the costs listed by all four plaintiffs for the trial exhibits. Cleverly, the plaintiffs have divided the total of $5,392.80 into two bills and then divided it again between all of the four plaintiffs. Nowhere, however, in the statute does it provide for costs to be reimbursed for trial exhibits. Conn. Gen. Stat. § 52-257 (b)(5) provides for a "reasonable sum" to be awarded "for maps, plans, mechanical drawings and photographs, necessary or convenient in the trial of any action." Nowhere is there reference for reimbursements for enlargements of documents or enlarged puzzles such as that which the plaintiff used at trial. Even if, however, this court were to allow for any amount based on exhibits, that amount must be a "reasonable sum."
For all the foregoing reasons, the defendant Wells Fargo objects to the plaintiffs' bill of costs.
 THE DEFENDANT, BAKER PROTECTIVE SERVICES, INC. WELLS FARGO ALARM SERVICES DIVISION
 BY ______________________________ Frederick B. Tedford Matthew G. Conway DANAHER, TEDFORD, LAGNESE NEAL, P.C. Its Attorneys
 ORDER
The foregoing Objection having been heard, it is hereby
ORDERED SUSTAINED/OVERRULED The Court
 _______________________________ Judge/Clerk
 CERTIFICATION
I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 16th day of August, 1996 to the following: CT Page 8239
John Horvack, Esq. F. Patrick O'Sullivan, Esq. Gager Henry Furey, Donovan, Eddy, Kocsis, One Exchange Place, Box 2480 Tracy Daly, P.C. Waterbury, CT 06722-2480 P.O. Box 670 43 Belleveue Avenue Neil Rossman, Esq. Bristol, CT 06010 Rossman, Rossman Echelbacher Market Place Center North James K. Robertson, Esq. 200 State Street, 3rd Floor Carmody Torrance Boston, MA 02109 P.O. Box 1110 50 Leavenworth Street Michael D'Amico, Esq. Waterbury, CT 06721-1110 D'Amico, Griffin Pettinicchi P.O. Box 4898 Brian Gildea, Esg. 560 Chase Avenue 512 Blake Street Waterbury, CT 06704 New Haven, CT 06525
John J. Coughlin, Esq. Thomas Parisot, Esq. Coughlin Malone Secor, Cassidy McPartland P.O. Box 209 41 Church Street, Box 2818 92 Cherry Street Waterbury, CT 06723-2818 Milford, CT 06460 Peter K. O'Keefe, Esq. Waterbury Corporation Counsel O'Keefe, Phelan Jackson 236 Grand Street 36 Russ Street Waterbury, CT 06072 Hartford, CT 06106-1571
Bai, Poilock Dunnigan, P.C. 10 Middle Street P.O. Box 1978 Bridgeport, CT 06604
Matthew G. Conway